IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DOUGLAS and PAMELA PETERSEN,** *Individually, and as Administrator of the* **ESTATE OF BRIAN PETERSEN,** | )( )( )( )( | Civil Action No.: (Jury Trial) |
| *Plaintiffs,* | )( )( | |
| V. | )( )( | |
| **MONTGOMERY COUNTY, TEXAS, BRIDGITT JOHNSON EMT, SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC., and WELLPATH RECOVERY SOLUTIONS LLC,** | )( )( )( )( )( )( )( | |
| *Defendants.* | )( )( | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF THE COURT:**

NOW COME Plaintiffs, DOUGLAS and PAMELA PETERSEN, *Individually, and as Administrator of the* ESTATE OF BRIAN PETERSEN complaining of MONTGOMERY COUNTY, TEXAS, BRIDGITT JOHNSON EMT, WELLPATH RECOVERY SOLUTIONS, LLC, *and* SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC., and will show the Court the following:

### INTRODUCTION

This is the tragic case of a professional man, Brian Petersen, 39, who had never been arrested or convicted of a crime in his life who was accused of on-line solicitation of a

1

minor (no minor was involved and Brian knew this), a sex-related crime, in an oft-repeated sting operation, taken to the Montgomery County jail, not treated appropriately for potential suicide. Upon release Brian prepared for and committed suicide a short time after being let out of jail untreated. This is not the first time that failure to treat suicidal tendencies has ended in tragedy due to failures of the Montgomery County jail's suicide prevention shortcomings.

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's federal claims, under 28 U.S.C. §§ 1331 and 2201, 42 U.S.C §§1983, 1985, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, and supplemental jurisdiction under 28 U.S.C. § 1367(a), to hear Plaintiff's state law claims such as, but not limited to, medical malpractice.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the incidents at issue took place in Montgomery County, Texas, within the United States Southern District of Texas.

## II. PARTIES

3. Plaintiffs, DOUGLAS and PAMELA PETERSEN, *Individually, and as Administrator of the* ESTATE OF BRIAN PETERSEN, are the parents of BRIAN PETERSEN, deceased, are residents of California.

4.      Defendant SOUTHWEST CORRECTIONAL MEDICAL GROUP, INC.[1] is a Delaware Corporation with a principal address of 1100 Montoya Road, Bernalillo, NM 87004 and can be served with process by serving its agent for service of process Corporate Creations Network, Inc., 400 North Pennsylvania Avenue, Suite 600, Roswell, New Mexico 88201.

5.      Defendant WELLPATH RECOVERY SOLUTIONS LLC is a Foreign Limited Liability Company whose corporate address 621 N.W. 53 Street, Suite 700, Boca Rotan, FL 33487 and can be served with process by serving Corporate Creations Network Inc., 5444 Westheimer #1000, Houston, TX 77056.

## **FACTS**

6.      Brian Petersen (hereinafter, sometimes referred to as "Brian"), 39, was a resident of Montgomery County, Texas and had never been arrested or convicted of a crime in his life. He was a public school teacher working in Conroe, Texas.

7.      On July 31, 2019, Detective D. Dunn, an officer with the Conroe Police Department, was on a well-known legal gay adult dating site-Grindr.

8.      Grindr requires that its users adhere to its age requirements[2] including:

1. AGE RESTRICTIONS AND SAFETY.

---

[1] Due to changing of company names and changing of jail contracts the individual healthcare company workers at the Montgomery County jail may work for Southwest Correctional Medical Group. Inc., Wellpath Recovery Solutions LLC, Correct Care Solutions, LLC, Health Secure Admin or Correctional Healthcare Companies LLC.

[2] https://www.grindr.com/terms-of-service/

3

1.  NO USE BY UNDERAGE PERSONS. NO PERSONS UNDER THE AGE OF EIGHTEEN (18) YEARS (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) MAY DIRECTLY OR INDIRECTLY VIEW, POSSESS OR OTHERWISE USE THE GRINDR SERVICES.

2.  YOU MUST BE A LEGAL ADULT. YOU HEREBY REPRESENT AND WARRANT THAT YOU ARE CURRENTLY EIGHTEEN (18) YEARS OF AGE OR OVER (OR TWENTY-ONE (21) YEARS IN PLACES WHERE EIGHTEEN (18) YEARS IS NOT THE AGE OF MAJORITY) AND YOU ARE CAPABLE OF LAWFULLY ENTERING INTO AND PERFORMING ALL THE OBLIGATIONS SET FORTH IN THIS AGREEMENT.

4.  YOU WILL NOT USE THE GRINDR SERVICES FOR THE COMMISSION OR ENCOURAGEMENT OF ANY ILLEGAL PURPOSE, OR IN VIOLATION OF ANY LOCAL, STATE, NATIONAL, OR INTERNATIONAL LAW, INCLUDING LAWS GOVERNING CRIMINAL ACTS, PROHIBITED OR CONTROLLED SUBSTANCES, INTELLECTUAL PROPERTY AND OTHER PROPRIETARY RIGHTS, DATA PROTECTION AND PRIVACY, AND IMPORT OR
EXPORT CONTROL;

7.  YOU WILL NOT IMPERSONATE ANY PERSON OR ENTITY, FALSELY CLAIM AN AFFILIATION WITH ANY PERSON OR ENTITY, OR ACCESS THE GRINDR USER ACCOUNTS OF OTHER USERS;

8.  YOU WILL NOT MISREPRESENT THE SOURCE, IDENTITY OR CONTENT OF INFORMATION TRANSMITTED VIA THE GRINDR SERVICES;

9. It is also well known that the individuals using the dating site are interested in having sex which is why Detective D. Dunn was on that website. To further indicate that he was interested in having sex Detective D. Dunn used the profile "Fresh Meat' indicating interest in sex and not in a relationship.

10. Detective D. Dunn indicated to Brian he was interested to meet Brian and set up a meeting for August 1, 2019. Detective D. Dunn told Brian he previously had sex with

4

other men twice in the past. Detective D. Dunn claims he told Brian he was 14 years old.

11.     Detective D. Dunn is an adult and Brian was aware that Detective D. Dunn was an adult by the contents of Detective D. Dunn's conversation with Brian, that Grindr does not allow minors, does not allow impersonations, and that Detective D. Dunn sent a voice message to Brian that sounded just like what Detective D. Dunn was-an adult and for other reasons. Furthermore, "age-play" is a very common game adult gay and straight individuals engage in. Just as it sounds "age play" means one, or both, individuals pretend to be young including being a minor.

12.     After Detective D. Dunn set up the meeting Brian went to meet Detective D. Dunn. Instead of the meeting Brian was arrested by several police officers including Detective D. Dunn at about 4:37 in the afternoon of August 1, 2019.

13.     Brian was charged with second degree felony solicitation of a minor which carries a punishment of 2-20 years imprisonment, up to a $10,000 fine and life-time sex offender registration. Brian was taken to the Montgomery County jail. Charges and subsequent court records are public information often in less than a day. Of course Brian knew he would soon lose his career due to the charges.

14.     Montgomery County, Texas has a population 628,000. It has run a jail for 165 years. The jail has had a population of at least 800 inmates for many years. During the past decades many inmates have attempted suicide and some have committed suicide.

15.     The arrest immediately caused Brian a very high level of anxiety, fear, depression, hopelessness, thoughts of suicide, and other great mental anguish.

16.     Southwest Correctional Medical Group, Inc. and Wellpath Recovery Solutions,

5

LLC provide contract mental health and medical care services at the Montgomery County jail including those services received by Brian during his stay. These medical care companies are continuations of Correct Care Solutions, LLC and Correctional Healthcare Companies, Inc., which previously provided mental health and medical care at the jail.

17. While at the jail Brian was seen by Emergency Medical Technician (EMT) Bridgitt Johnson in regards to checking on Brian's mental health and filing out a suicide prevention form. EMT Johnson does not have the training or credentials to ascertain an inmate's need for treatment to prevent suicide. Upon information and belief EMT Johnson works for Southwest Correctional Medical Group, Inc. and Wellpath Recovery Solutions, LLC.

18. Friday, August 2, 2019, at around 7:10 PM Brian received his property including his Texas driver's license and credit cards from the Montgomery County jail and left the jail premises.

19. Sunday, August 4, 2019 at around 9:00 AM Brian called a cab to go buy items to commit suicide by carbon monoxide poisoning. At around 10:00 AM Brian bought a gas-powered generator and other items. At around 10:13 AM Brian purchased gasoline. After that Brian went back to his residence and committed suicide by carbon monoxide poisoning.

## IV.   CAUSES OF ACTION—42 U. S. C. SECTION 1983, 1985
## VIOLATIONS OF PLAINTIFF'S CIVIL RIGHTS

20. Plaintiffs incorporate by reference all of the preceding paragraphs.

6

21.     All the individually named Defendants were acting under color of state law and, therefore, are liable under 42 U. S. C. § 1983, 1985. The Defendants are liable under Section 1983 because they, by working together, deprived Brian of constitutional rights provided by federal law that occurred under color of state law and were caused by a state actor. Defendants, by ignoring obvious signs that Brian could be suicidal and was suffering great mental anguish, denied him access to life saving treatment and mental healthcare. This Cause of Action is brought pursuant to 42 U.S.C. Section 1983, 1985, and the Constitution of the United States under at least the Fourth, Fifth and the Fourteenth Amendments thereto.

22.     Brian had a right under the Fourteenth Amendment to the United States Constitution while incarcerated to be free from deliberate indifference to his serious medical needs. The Defendants Montgomery County, Texas, as well as each individually-named defendant and private business entity, worked together, to treat Brian with deliberate indifference, recklessness, negligence and gross negligence to his serious medical needs. Defendants made no efforts to perform proper mental healthcare examinations, make proper intervention, coordinate care with healthcare professionals, properly interpret patient information, make critical decisions about needed actions, of direct and supervise care delivered by healthcare personnel. Moreover, Defendants' did not properly staff the jail with the necessary mental healthcare professionals. These violations of Brian's' constitutional rights resulted from a policy, pattern, custom and/or practice of deliberate indifference to the serious medical needs of inmates and pre-trial detainees regarding mental healthcare and suicide prevention.

7

23.     Montgomery County, Texas, as matter of policy, practice, custom and/or procedure did not have adequate medical staffing to deal with medical emergencies, including assessment for possible suicide. subjecting Brian to inadequate medical administration. They had a duty to provide medical care to Brian, and they undertook that duty. They also chose to not or failed to provide adequate nursing and physician care to the level of professional standards. Brian was purposely not seen by a doctor, purposefully not referred to outside healthcare providers, not properly examined, suffered an inadequate physical examination, and was denied access to medical care on numerous occasions. Brian was a victim of inappropriate treatment for mental anguish and the possibility of suicide. Brian suffered from delayed medical diagnosis. Furthermore, the plethora of other severely injured and deceased inmates referenced above who were subjected to failure to provide medical care when it was known that they needed urgent medical care establishes notice and custom, practice, policy and procedure including who was severely injured due to failure to treat for possibilities of suicide and mental anguish.
.

## V.   State Law Claims

24.   Plaintiffs incorporate by reference all of the preceding paragraphs.

25.   The defendants Bridgitt Johnson EMT, Wellpath Recovery Solutions LLC, and Southwest Correctional Medical Group, Inc., their, agents and employees including at least Bridgitt Johnson EMT are liable in malpractice, negligence and gross negligence.

26.   These Defendants have a direct duty to provide for the care and protections of their patients. It breached its duty of care by either indifferent policies or failure to enforce

8

existing policy for identifying and providing emergency medical treatment in the Infirmary. Their agents and/or employees breached the duty of care to plaintiff, who had a health care provider, a doctor, or a nurse -patient relation-ship with Brian, each respectively, by choosing to deprive Brian, of proper treatment to prevent suicide.

27. Defendants, and their employees chose to engage in several acts and omissions constituting negligence, which include:

a. Failing to consult a specialist.

b. Abandoning Brian.

c. Failing to monitor Brian's condition.

d. Failing to diagnose Brian's condition properly.

e. Failing to treat Brian's condition properly.

f. Failing to provide the medical and nursing care reasonably required for Brian's condition.

g. Choosing to not evaluate Brian correctly.

h. Choosing not to send Brian to a hospital or expert for further evaluation and treatment.

i. Choosing not to not examine at all or to not properly examine plaintiff.

28. Defendants, Bridgitt Johnson EMT, Wellpath Recovery Solutions LLC, and Southwest Correctional Medical Group, Inc., are liable to plaintiff for the breach of the duty of care by its employees because the employees' acts were performed while in the employment of defendants, to further defendants' business, and to accomplish the objective for which the employee was hired. The employee's acts were within the course and scope

9

of that employment or within the authority delegated to the employee, that is providing healthcare and suicide prevention treatment to Montgomery County Inmates and Pre-Trial Detainees. The employees breached the duty of care to Brian as set forth in the proceeding paragraphs.

29. Defendants' breach of duty proximately caused injury to plaintiffs, which resulted in at least the following damages: mental anguish in the past and death and funeral expenses.

30. Brian suffered greatly prior to his death because of defendants' actions and inactions and Plaintiffs bring a survivor action.

31. Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

## VI. PUNITIVE DAMAGES

32. Plaintiffs request punitive damages against each individually-named defendant and Bridgitt Johnson EMT, Wellpath Recovery Solutions LLC, and Southwest Correctional Medical Group, Inc., and any other private entities.

## VII. DAMAGES

33. Plaintiffs experienced at least great pain and suffering in the past and future, great mental anguish in the past and future, medical expenses in the past and future, loss of enjoyment of life, loss of consortium, loss of household services comfort, love and society, and exemplary damages. Plaintiffs also bring claims for violations of his 4th, 5th and 14th Amendment rights.

## VIII.   ATTORNEY'S FEES

34. Plaintiffs are entitled to recover attorneys' fees and expenses under 42 U.S.C. §, 1983, 1985, and §1988.

## IX.   JURY TRIAL

35. Plaintiffs demand trial by jury on all issues triable to a jury.

## X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court:

A. Enter judgment and award damages for Plaintiffs against the Defendants, jointly and severally;

B. Find that Plaintiffs are the prevailing party in this case and award attorneys' fees and costs and all litigation expenses, pursuant to federal and state law, as noted against the Defendants;

C. Award pre- and post-judgement interest;

D. Award punitive damages against all individually named Defendants and private entities for Plaintiffs;

E. Award costs of court; and,

F. Grant such other and further relief as appears reasonable and just, to which, Plaintiffs shows themselves entitled.

Respectfully Submitted,
Kallinen Law PLLC

        */s/ Randall L. Kallinen*
        Randall L. Kallinen, Attorney in Charge
        State Bar of Texas No.: 00790995
        U.S. Southern District of Texas Bar No.: 19417
        511 Broadway Street
        Houston, Texas 77012
        Telephone: 713.320.3785
        FAX: 713.893.6737
        Email: attorneykallinen@aol.com
        ***Attorney for Plaintiff***