**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DIVISION OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **DOUGLAS and PAMELA PETERSEN,** | )( | **Civil Action No.: 4:20-cv-4243** |
| ***Individually, and as Administrator of the*** | )( | **(Jury Trial)** |
| **ESTATE OF BRIAN PETERSEN,** | )( | |
| | )( | |
| ***Plaintiffs,*** | )( | |
| | )( | |
| **V.** | )( | |
| | )( | |
| **MONTGOMERY COUNTY, TEXAS,** *et al.,* | )( | |
| | )( | |
| ***Defendants.*** | )( | |

**<u>SECOND JOINT STATUS NOTICE</u>**

**TO THE HONORABLE LYNN N. HUGHES:**

The remaining Parties believe the next steps to advance this litigation should be:

1. Apple, Inc. would not provide the information to the Plaintiffs in order to access the deceased Brian Petersen's phone and instead requested the following:

*In order to proceed with your request of Transfer of Ownership of Apple ID we require the following documents;*

- *A **court order** that specifies all of the following:*

1. *The decedent was the owner of all accounts associated with the Apple ID.*
2. *The requestor is the administrator or the legal personal representative of the decedent's estate.*
3. *As administrator or legal personal representative, the requestor is the "agent" of the decedent, and their authorization constitutes "lawful consent" as those terms are used in the Electronic Communications Privacy Act.*
4. *Apple is ordered by the court to assist in the recovery of decedent's personal data from their accounts, which may contain third party personally identifiable information or data.*

Plaintiffs request the above wording be put into the Court Order for Apple.

Plaintiffs aver that the decedent Brian Petersen was the owner of all accounts associated

with the Apple ID, Pamela Petersen is the administrator or the legal representative of the

decedent's estate (see **Exhibit 1**), and Douglas Petersen as administrator or legal personal representative, the requestor is the "agent" of the decedent, and their authorization constitutes "lawful consent" as those terms are used in the Electronic Communications Privacy Act.

2. Plaintiffs did not receive the voice message which was sent through the adult dating site Grindr that adult Detective Dunn left for Brian to convince Brian to meet him. In his suicide note Brian stated that Dunn sounded like an adult African American which Detective Dunn is. City of Conroe states that there was a voice message left by Detective Dunn that Brian received just before agreeing to meet Detective Dunn, however, the City of Conroe states they do not have a recording of this very important voice message which could have been used to convict or exonerate Brian. **Exhibit 2**, response to Interrogatory No. 12.  Plaintiffs aver that a jury could decide that Detective Dunn sounded just like what he is and that Detective Dunn realizes he does not sound like a white suburban minor (the photograph Dunn sent to Brian). Therefore, there was no probable cause that Brian possessed the culpable mental state to establish the felony of on line solicitation of a minor for which Dunn arrested Brian.

3. Plaintiffs request a no-longer-than-four-hour deposition of Detective Dunn about his "sting" and arrest of Brian and Conroe's policies regarding conducting their many solicitation of minors "sting" operations.

4. Plaintiffs did not receive the written policies and procedures that Conroe PD uses to conduct solicitation of a minor sting operations. See **Exhibit 2.** Plaintiff requests those written policies and procedures.

5.  Plaintiffs have not received Brian's last message to his parents, the original suicide note, and Plaintiffs request it.

6.  We request the forensic reports for the equipment that was confiscated, iMac computer, iPhone and a Windows hard drive, also a report of Brian's work computer.

7.  Plaintiffs have a cause of action against Detective Dunn for false arrest and malicious prosecution. Upon information and belief the City of Conroe Police Department has a custom of leaving unsaved voice messages of adult officers, which sound like adults, to lure individuals into a sting regarding solicitation of a minor. Plaintiff requests to amend the complaint.

8.  Montgomery County anticipates it will file a motion to dismiss for the same reasons contained in its pending motions, but cannot be sure until it has a chance to read the amended complaint.  Montgomery County believe it is able to answer or file a motion to dismiss within 21 days of the amended complaint.

Respectfully submitted,

BY: ___s/ Daniel Plake_____
        Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile:     (936) 538-8079
ATTORNEY FOR DEFENDANT
MONTGOMERY COUNTY

 Respectfully Submitted,

*/s/ Randall L. Kallinen*
Randall L. Kallinen
Kallinen Law PLLC

State Bar of Texas No. 00790995
Southern District of Texas Bar No.: 19417
511 Broadway Street
Houston, Texas 77012
Telephone:      713.320.3785
FAX:               713.893.6737
Email:            AttorneyKallinen@aol.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following to all ECF notice counsel of record.


*/s/ Randall L. Kallinen*
Randall L. Kallinen