UNITED STATES DISTRICT COURT    SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2021
Nathan Ochsner, Clerk

| | |  |
|---|---|---|
| Douglas Petersen, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| *versus* | § § | Civil Action H-20-4243 |
| Montgomery County, Texas, *et al.*, | § § § | |
| Defendants. | § | |

## Opinion on Dismissal

1.  *Background.*

On July 31, 2019, Brian Petersen and Conroe police officer Darrick Dunn – who was impersonating a 14 year-old – were communicating on a dating application. They agreed to meet the next day.

On the afternoon of August 1, 2019, when Brian Petersen went to the meeting place, Conroe police arrested and charged him with second degree solicitation of a minor. The officers took him to the Montgomery County jail. He was released late the next day.

On the night of August 4, 2019, Brian Petersen killed himself.

On December 14, 2020, Douglas and Pamela Petersen – individually and as the administrator of Brian Petersen's estate – sued Montgomery County, the City of Conroe, and Darrick Dunn. The live complaint is poorly organized and includes largely cumulative pleading of the defendants, broad references to laws, and brief mentions of actual claims. As the court can best determine, the Petersens are suing for: (a) violating 42 U.S.C. § 1983 for false arrest and illegal search; (b) violating 42 U.S.C. § 1985; (c) malicious prosecution; (d) municipal liability for custom and ratification; and (e) wrongful death. The defendants have moved to dismiss. They will prevail.

2.  *Montgomery County.*

The Petersens did not respond to the County's motion to dismiss. Because they have abandoned them, their claims against the County will be dismissed.

3.  *Section 1985.*

Because the Petersens did not respond to the defendants' arguments to dismiss this claim, they have abandoned it. This claim was lazily over-pleaded without factual support. The Petersens' section 1985 claim will be dismissed.

4.  *Darrick Dunn.*

   A.  *False Arrest.*

To overcome qualified immunity on a false arrest claim, the Petersens must have adequately pleaded facts that: (a) Dunn did not have probable cause to arrest Brian; and (b) if not, Dunn did not have at least arguable probable cause. There is probable cause for an arrest if there is a fair probability – or more than a bare suspicion but less than a preponderance of the evidence – that a crime was committed.[1] Arguable probable cause exists "if a reasonable officer in [Dunn's] position could have believed that, in light of the totality of the facts and circumstances of which [he] was aware, there was a fair probability that [Brian] had committed or was committing an offense."[2] In Texas, a person solicits a minor online when the person, through online messaging, "knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor."[3] Texas courts allow police officers to pose as minors to stop predators before they arrive at the meeting place.[4]

---

[1] *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

[2] *Haggerty v. Texas State Univ.*, 391 F.3d 653, 656 (5th Cir. 2004).

[3] Texas Penal Code § 33.021(c).

[4] *Perales v. State*, 622 S.W.3d 575, 581 (Tex.App.—Houston [14th Dist.] 2021).

The Petersens say that there was no probable cause for Dunn to arrest Brian for online solicitation of a minor because of: (1) the photographs that Dunn sent, (2) the voice message Dunn left, and (3) "the actual initial exchange between Brian and Dunn wherein Brian would only continue based on the provision of certain information."

They argue that the pictures of the "so called 14-year-old were pictures of a person who was already several years older." The Petersens insists that the voice message was the "voice of an obviously much older man than a 14-year-old." They also say that Brian was being cautious about age when he said he was "not particularly into younger guys" and "generally only meets with guys 25+." The Petersens also highlight messages where Brian says that he was going to leave but only stayed so that they could "just talk."

Brian Petersen's subjective belief about Dunn's real age is immaterial to the probable cause analysis.[5] The objective facts show that Brian requested to meet a person who purported to be a minor for sexual contact. He said that he was "not particularly into younger guys, but [doesn't] write them off either." His behavior was consistent with guilt as he was evasive at times when pressed for expectations of the encounter and being asked to send a photograph of himself.

The Petersens argument that this was a guise for a sexual fantasy game is insufficient to overcome objective probable cause. Their attempts to use the suicide note to give insight into Brian's intent is also irrelevant to Dunn's probable cause analysis. It is clear that there was more than a bare suspicion that Brian was committing the crime or online solicitation of a minor.

Based on the totality of the circumstances, the pleaded facts reveal that – at the least – arguable probable cause existed to arrest Brian. Because of this, the Petersens' false arrest claim will be dismissed.

---

[5] *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1184 (5th Cir. 1990).

B.  *Illegal Search.*

The Petersens say that Brian's cellphone was illegally seized at the scene because there was no probable cause to arrest him. They insist that the cellphone was illegally searched without a warrant because Dunn "located the Grindr app and his conversations ... in order to identify him."

Because there was probable cause, the cellphone was not illegally seized.[6]

The Petersens have pleaded no facts of when the cellphone was searched nor whether the app was already open and not in plain view. Because baseless legal conclusions about there being an improper search are inadequate to state a claim, their illegal search claim will be dismissed.

C.  *Malicious Prosecution.*

The Petersens say that Darrick Dunn maliciously brought charges against their son. They argue that "the fairness of the prosecution instituted against Brian was ruined by the arbitrary action of Dunn charging Brian with a third degree felony, when he was fully aware that Brian could not possibly be guilty of a third degree felony as a tactic to gain leverage in plea bargaining."

The Petersens do not give any compelling legal support to suggest the actions here amount to a cognizable claim. They only give a vague quote from a Court of Appeals case, but nothing to suggest this case is analogous to another that would support liability. The Petersens also have not pleaded adequate facts to support a lack of probable cause.

Their malicious prosecution claim will be dismissed.

To the extent any of the claims against Dunn were brought under state law, they would be tort claims, and those claims could have been brought against the City. Under the Texas Tort Claims Act election of remedies provision, they will be dismissed.

---

[6] *Riley v. California*, 573 U.S. 373, 388 (2014).

5.   *City of Conroe.*

To state a claim for municipal liability, the Petersens must have adequately pleaded facts of (a) an official policy or custom (b) by a City policymaker (c) that was the moving force behind Brian Petersen's constitutional violation.[7]

The Petersens say that "Dunn's use of an old picture of an older teenager and use of his real, adult-sounding voice were par for the course on these sting operations such that there was a pattern of luring suspects that did not believe they were talking with an actual minor and charging and arresting them without probable cause, and over-charging such offenses for plea bargain leverage." They also insist that the City ratified Dunn's actions because "all problematic elements of Dunn's sting operation and subsequent arrest were reviewed at some point by his superiors during and after the sting, and they were found to be in line with City policy." The Petersens claim that the City delegated policymaking authority to Dunn.

The Petersens municipal liability claim fails for many reasons. They have pleaded largely legal conclusions, vague assumptions, and baseless assertions. They give no facts of how, why, and when the City's policymakers delgated authority to Dunn. The Petersens offer no other instances of minor solicitation stings or how other stings compare to this one. This claim was another example of the lazy pleading in this case.

The Petersens' municipal liability claim will be dismissed.

6.   *Wrongful Death.*

The Texas Tort Claims Act gives the City immunity against tort claims. Waiver of this immunity is available for limited circumstances. Wrongful death and survival claims do not fall under this waiver. Wrongful death are also derivative. The Petersens have not pleaded an underlying violation.

The wrongful death and survival claims will be dismissed.

---

[7] *Ratliff v. Aransas County*, 948 F.3d 281, 284 (5th Cir. 2019).

7. *Conclusion.*

The claims of Douglas and Pamela Petersen – individually and as administrator of the estate of Brian Petersen – against Montgomery County, Darrick Dunn, and the City of Conroe will be dismissed.

Signed on October 5, 2021, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge